SUMMARY ORDER

Hua Weng, a native and citizen of the People’s Republic of China, seeks review of a December 26, 2007 order of the BIA, affirming the November 7, 2003 decision of Immigration Judge (“IJ”) Miriam K. Mills, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hua Weng, No. A73 562 321 (B.I.A. Dec. 26, 2007), aff'g No. A73 562 321 (Immig. Ct. N.Y. City Nov. 7, 2003). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). “We review de novo questions of law and the application of law to undisputed fact.” Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Weng has filed two applications for asylum. The first application was based on her fear of persecution on account of her parents’ alleged participation in the democracy movement.[2] In her second application, Weng again stated that she feared persecution on account of her parents’ participation in China’s democracy movement, adding that she also feared persecution for violating the family planning policy. However, on cross-examination Weng admitted that her previous claim was false — i.e., that her parents were not actually involved in the democracy movement. The IJ reasonably relied on this admission in finding Weng not credible.
*727 Weng argues that the IJ s credibility determination should reach only as far as her claim based on her parents’ purported involvement in the democracy movement, and should not taint her family planning claim. Yet our precedent does not cabin the reach of an IJ’s credibility determination in that manner. Discussing the maxim falsus in uno, falsus in omnibus (false in one thing, false in everything), we have stated that “a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner.” Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007); see also In re O-D-, 21 I. & N. Dec. 1079 (B.I.A.1998). Here, in light of Weng’s admittedly false first asylum application, the IJ was entitled to view with skepticism Weng’s claim based on the birth of her two children. Cf. Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006)(finding that an IJ’s adverse credibility determination as to past persecution did not undermine petitioner’s prospective claim where the IJ explicitly credited the basis of that claim— the petitioner’s Christianity).
Having called Weng’s overall credibility into question, the IJ reasonably questioned the subjective nature of Weng’s claim, noting that she had produced no evidence that her children were in the United States, as she had claimed. See Siewe, 480 F.3d at 170. The IJ additionally relied on Weng’s conflicting testimony surrounding the notice she allegedly received from Chinese family planning officials. While Weng testified that she received a written notice, she changed her testimony on cross-examination, stating that the notice was oral. This inconsistency further undermined Weng’s credibility.
Ultimately, the IJ’s adverse credibility determination was supported by substantial evidence. See Wensheng Yan v. Mukasey, 509 F.3d 63, 66 (2d Cir.2007). Thus, the IJ properly denied Weng’s application for asylum, withholding of removal, and CAT relief where all three claims were based on the same factual predicate. See Paul, 444 F.3d at 156; Xue Hong Yang v. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005). Because the agency’s adverse credibility determination was not in error, we need not reach its alternative burden finding. Nonetheless, we note that, as the agency found, Weng failed to meet her burden in demonstrating a well-founded fear of persecution based on her violation of the Chinese family planning policy. See Jian Hui Shao v. Mukasey, 546 F.3d 138 (2d Cir.2008); Wei Guang Wang v. BIA, 437 F.3d 270, 274-76 (2d Cir.2006); Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. After a hearing on Weng's first application, a different IJ found her credible, but denied her application based on her failure to meet her burden of proof. Weng filed her second asylum application after the agency reopened her proceedings.